UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SEVEN COUNTIES SERVICES, INC. | ) | CHAPTER 11 |
| | ) | |
| Debtor | ) | CASE NO. 13-31442 |
| | ) | |
| SEVEN COUNTIES SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | ADVERSARY PROCEEDING |
| | ) | NO. _____ |
| vs. | ) | |
| | ) | |
| KENTUCKY EMPLOYEES RETIREMENT SYSTEM | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE BOARD OF TRUSTEES OF THE KENTUCKY RETIREMENT SYSTEMS | ) | |
| | ) | |
| Defendants | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

COMES NOW Seven Counties Services, Inc. ("Seven Counties" or "Plaintiff"), by and through its undersigned counsel and files this Complaint for Declaratory Judgment and Injunctive Relief (the "Complaint") and in support thereof respectfully shows the Court as follows:

**PARTIES AND JURISDICTION**

1. This is a civil proceeding arising under Title 11 of the United States Code, or arises in or is related to the above-captioned bankruptcy case of Debtor Seven Counties Services, Inc.

2. The Defendanst, Kentucky Employees Retirement System ("<u>KERS</u>") is a creature of statute and has the powers and privileges of a corporation, including the power to sue and be sued.

3. The Defendant, Board of Trustees of the Kentucky Retirement Systems (the "<u>Board of Trustees</u>"), administers KERS. The Board of Trustees is a creature of statue and has the powers and privileges of a corporation, including the power to sue and be sued.

4. On April 4, 2013, Seven Counties filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code. At all times herein, Seven Counties has continued to operate its business and manage its assets as a debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

5. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. 1334. Venue is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157.

6. This adversary proceeding is initiated under Rule 7001(7).

## FACTS

7. Pursuant to KRS 61.510(3) and Executive Order 74-587 issued on August 6, 1974, River Region Mental Health –Mental Retardation Board ("<u>River Region</u>") became a participating department in the Kentucky Employees Retirement System ("<u>KERS</u>"). On February 23, 1978, River Region filed its Chapter 11 petition in the United States Bankruptcy Court for the Western District of Kentucky (the "<u>River Region Case</u>"). Seven Counties Services, Inc. was formed as a non-profit 501(c)(3) charitable organization on or around June 28, 1978. On August 2, 1978, the court entered an order converting the River Region Case to Chapter 7. Seven Counties purchased the assets of River Region in 1978.

8. Seven Counties took over the operations of River Region and hired a majority of the River Region employees. As a result of River Region's employees' participation in KERS, Seven Counties endeavored to continue the same arrangement for its employees, many of whom were former River Region's employees. Subsequently, on January 24, 1979, pursuant to Executive Order 79-88 and KRS 61.510(3), Seven Counties became a participant in KERS.

9. As a KERS participant, Seven Counties was required to make annual contributions to KERS in an amount determined by the Board of Trustees of the Kentucky Retirement Systems (the "<u>Board of Trustees</u>"). The amount of these contributions is based on a percentage of each employee's "creditable compensation" and an additional amount known as the "actuarially accrued liability contribution."

10. In 2006, the employer contribution percentage was set at 5.89% of wages. The current contribution rate, only six years later, is 19.82%. The contribution rate for the next fiscal year beginning July 1, 2013 is 45.28%. However, pursuant to KRS 61.565(5), phase-in percentages are to be applied to the actuarially recommended rates resulting in a rate of 26.79%. Although, the phase-in percentages have been in place and were set to be implemented for the fiscal year beginning July 1, 2010, the phase-in percentages have not been applied to date.

11. For several years prior to the Petition Date, the officers of Seven Counties have tirelessly sought a resolution to the crushing liability the organization faces through its continued participation in KERS, only to be rebuffed by the Board of Trustees and the Kentucky General Assembly.

12. In the legislative session ending March 27, 2013, the General Assembly approved Senate Bill 2, ostensibly a measure to address the Kentucky Retirement Systems' actuarial

deficits. Unfortunately, however, SB2 did nothing to alleviate the KERS burden faced by non-governmental participants such as Seven Counties.

13. Seven Counties is a non-stock, non-profit corporation incorporated on June 28, 1978, pursuant to K.R.S. 273.161 et seq.

14. Seven Counties was incorporated by Joseph F. Maloney.

15. Seven Counties' employees are not under the state merit system, state salary schedules, or any other state personnel regulations.

16. Seven Counties was not created by the state.

17. Seven Counties is not administered by individuals that are responsible to public officials or to the general electorate.

18. The state does not control Seven Counties' everyday operations.

19. Seven Counties is managed by a board of directors, elected pursuant to Seven Counties' bylaws.

20. The members of Seven Counties' board of directors are not appointed by any state, county, or local official.

21. Seven Counties is not required to keep its books and records in accordance with the requirements of the Governmental Accounting Standards Board.

22. The state is not primarily financially responsible for the obligations of Seven Counties.

23. Seven Counties and its employees do not receive all benefits afforded to state employees, and are not subject to numerous regulations affecting state agencies and their employees.

**COUNT I – DECLARATORY JUDGMENT:
SEVEN COUNTIES AS NON-GOVERNMENTAL**

24. Seven Counties realleges and reincorporates by reference paragraphs 1 through 23 of the complaint as if fully set forth herein.

25. Seven Counties is not the government of any state, political subdivision thereof, or by any agency or instrumentality thereof within the meaning of 11 U.S.C. § 101(40), 26 U.S.C. § 414(d), 29 U.S.C. § 1002(32), or 29 U.S.C. § 1321(b)(2).

26. KERS is a plan established or maintained by the Commonwealth of Kentucky for its employees, the employees of political subdivisions thereof, and the employees of agencies or instrumentalities of any of the foregoing. KERS is a "governmental plan" within the meaning of 26 U.S.C. § 414(d), and 29 U.S.C. § 1002(32), and is one of the type of plans described in 29 U.S.C. § 1321(b)(2).

27. Seven Counties is not eligible for participation in KERS.

28. KERS and the Board of Trustees may not require Seven Counties to participate in KERS.

**COUNT II – DECLARATORY JUDGMENT:
KERS IS NOT A GOVERNMENTAL PLAN**

29. Seven Counties realleges and reincorporates by reference paragraphs 1 through 28 of the complaint as if fully set forth herein.

30. Seven Counties is not the government of any state, political subdivision thereof, or by any agency or instrumentality thereof within the meaning of 11 U.S.C. § 101(40), 26 U.S.C. § 414(d), 29 U.S.C. § 1002(32), or 29 U.S.C. § 1321(b)(2).

31. KERS is a "governmental plan" within the meaning of 26 U.S.C. § 414(d), 29 U.S.C. § 1002(32), or 29 U.S.C. § 1321(b)(2) only if it is a plan established or maintained by the

Commonwealth of Kentucky for its employees, the employees political subdivisions thereof, and the employees of agencies or instrumentalities of any of the foregoing.

32. Seven Counties is a participant in KERS.

33. Seven Counties employees are not employees of the Commonwealth of Kentucky, political subdivisions thereof, or agencies or instrumentalities of any of the foregoing.

34. KERS, therefore, is not a governmental plan.

35. KERS is a multi-employer pension plan within the meaning of ERISA.

36. Seven Counties is entitled to withdraw from KERS.

WHEREFORE, Plaintiff Seven Counties Services, Inc. prays for relief as follows:

(a) that a summons and process be issued upon terms at law;

(b) that the Court enter a Judgment determining that Seven Counties is prohibited from participating in KERS.

(c) in the alternative, that the Court enter a Judgment determining that KERS is not a governmental plan within the meaning of ERISA.

(d) that the Court grant such other and further relief as the Court deems just and proper.

-7-

        Respectfully submitted,

        /s/ David M. Cantor
        DAVID M. CANTOR
        NEIL C. BORDY
        CHARITY B. NEUKOMM
        TYLER R. YEAGER
        JAMES E. McGHEE III
        SEILLER WATERMAN LLC
        Meidinger Tower – 22nd Floor
        462 S. Fourth Street
        Louisville, Kentucky 40202
        Telephone: (502) 584-7400
        Facsimile: (502) 583-2100
        E-mail: cantor@derbycitylaw.com
        E-mail: bordy@derbycitylaw.com
        E-mail: neukomm@derbycitylaw.com
        E-mail: yeager@derbycitylaw.com
        E-mail: mcghee@derbycitylaw.com
        *Proposed Counsel for Seven Counties Services, Inc.*

G:\doc\DMC\7 Counties\KERS AP\Complaint.doc