**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SEVEN COUNTIES SERVICES, INC. | ) | CASE NO. 13-31442(1)(11) |
| | ) | |
| Debtor | ) | |
| | ) | |
| SEVEN COUNTIES SERVICES, INC. | ) | AP No. 13-03014 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KENTUCKY EMPLOYEES RETIREMENT SYSTEM, *et al.* | ) | |
| | ) | |
| Defendants | ) | |

## MEMORANDUM OPINION

This matter is before the Court on the Motion to Dismiss for Lack of Jurisdiction, Lack of Standing and Failure to State a Claim for Relief of Defendants Kentucky Employees Retirement System ("KERS") and the Board of Trustees of Kentucky Retirement Systems ("KRS"). The Court considered the Motion to Dismiss, the Response of Plaintiff Seven Counties Services, Inc. ("SCS" or "Debtor"), the Reply of KERS and KRS, and the arguments of counsel for the parties at the hearing held on the matter. For the following reasons, the Court will **DENY** the Motion to Dismiss.

## LEGAL ANALYSIS

The two Count Complaint of SCS seeks declaratory relief. Count I asserts that KERS is a "governmental plan," excluded from the application of the Employee Retirement Income Security Act of 1974 ("ERISA"). SCS contends it is therefore not eligible to participate in the Plan and

cannot be required to participate in the Plan by KERS and KRS. Defendants seek dismissal of this Count for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), made applicable herein by Rule 7012 of the Federal Rules of Bankruptcy Procedure.

When considering a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999). To survive a Rule 12(b)(6) motion, the complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007). The complaint must allege sufficient facts to raise a right to relief.

Using these standards, the Court determines that Count I gives the Defendants fair notice of the claim asserted and the basis for the claim. KERS and KRS contend that because SCS is an employer, it lacks standing to assert any claims "under ERISA's comprehensive enforcement scheme." SCS, however, in Count I is not seeking to enforce any rights under ERISA. A plain reading of the allegations of the Complaint and the relief sought lead to this conclusion. The Court cannot dismiss this Count of the Complaint on that basis.

KERS also asserts that if the Court accepts the allegations of Count I as true, as the Court must in ruling on a Rule 12(b)(6) motion, then there is no support for SCS' claim that it cannot be required to participate in KERS or is prohibited from participating in KERS. SCS states in Count I that it is a non-governmental entity. It is this assertion that supports its claim that it cannot be forced to participate in KERS or that it is not eligible to participate in KERS, if indeed KERS is a governmental Plan.

At the recent evidentiary hearing held on KERS' Motion for a Preliminary Injunction in Adversary Proceeding No. 13-03019, this Court determined that KERS had not met its burden of proof warranting imposition of the requested injunction. The Court specifically stated that under Fed. R. Civ. P. 65, made applicable herein by Fed. R. Bankr. P. 7065, evidence received on the Motion for Preliminary Injunction was preserved for trial and need not be repeated at trial. As part of the Court's findings, the Court found that KERS had failed to establish that SCS is a governmental entity for purposes of the preliminary injunction hearing. The Court did not consolidate that hearing with the trial on the merits. The evidence submitted at the hearing, however is now part of the trial record for this Adversary Proceeding, Adversary Proceeding No. 13-03019 and the main Case No. 13-31442.[1] The record, however, must still be developed further as to whether KERS is a governmental Plan. The legal conclusions as to whether SCS is eligible to participate in the Plan or whether it cannot be compelled to participate are dependent upon this finding. The Court cannot make such a decision without a fully developed record which requires discovery and briefing. These issues go to the merits of this action and are not ripe for decision on a motion to dismiss. Therefore, the Motion to Dismiss Count I cannot be granted.

Count II is pled as an alternative to Count I. If KERS is not a governmental Plan, then it is subject to ERISA and SCS contends it may withdraw from the Plan. KERS and KRS' claim for dismissal of Count II under Rule 12(b)(6) fails for the same reasons stated above. The record needs

---

[1] Adversary proceedings are subparts of the Debtor's main case, not distinct pieces of litigation. *Cohen v. Bucci*, 905 F.2d 1111, 1112 (7th Cir. 1990) and *Artra Group v. Salomon Bros. Holding Co.*, 1996 WL 637595 (N.D. Ill. Oct. 31,1996) (holding that the law of the case doctrine covers both litigation in the main case and in adversary proceedings). It also applies between adversary proceedings in the same bankruptcy case. *In re Montagne*, 2010 WL 271347 (Bankr. D. VT. Jan. 22, 2010). It promotes finality and judicial economy. *Id.*

to be fully developed before the Court can determine if the Plan is one subject to ERISA or whether it is a governmental Plan.

KERS and KRS also seek dismissal of Count II pursuant to Rule 12(b)(1) based on lack of subject matter jurisdiction. Such a motion either attacks the claim of jurisdiction on its face or attacks the factual basis for jurisdiction. Under the former type of attack, the allegations of the complaint must be taken as true. Under the latter, the court must weigh the evidence and the plaintiff must prove jurisdiction exists. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). Regardless of the approach, the motion to dismiss for lack of jurisdiction has no merit.

The Court already determined that SCS does not lack standing under ERISA as the Complaint does not seek any form of relief under ERISA. Instead, SCS seeks declaratory relief under alternative theories depending on whether the Court determines KERS is a governmental Plan or one subject to ERISA. The existence of an ERISA plan is a question of fact, to be answered in light of all the surrounding circumstances and facts. *Thompson v. American Home Assur. Co.*, 95 F.3d 429, 434 (6th Cir. 1996). Whether a defendant is subject to ERISA is a question going to the merits of the claim, not subject matter jurisdiction. *Daniels-Hall v. National Education Association*, 629 F.3d 992, 997 (9th Cir. 2010). This is a matter going to the merits and not subject to dismissal on a motion to dismiss. The parties must be given an opportunity to explore the surrounding facts and circumstances of the formation of the Plan, the participants, and the participants' status through discovery. The Court will not determine these dispositive issues on a motion to dismiss.

Finally, KERS and KRS move for dismissal of the Complaint on the basis of sovereign immunity. Sovereign immunity comes with a host of exceptions. *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005). Debtor contends immunity does not apply if the lawsuit filed against a state

-4-

official seeks purely injunctive relief. *Id.*, citing, *Ex parte Young*, 209 U.S. 123 (1908); *S&M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008)("Under the *Ex parte Young* exception, a federal court can issue prospective injunctive and declaratory relief compelling a state official to comply with federal law . . ."). KERS and KRS counter this argument by claiming *Ex parte Young* only applies where the declaratory judgment action is against individual officials. It is clear that sovereign immunity does not prevent the filing of declaratory judgment actions against a state governmental entity. *Commonwealth v. Kentucky Retirement Systems*, 396 S.W.3d 833, 836-37 (Ky. 2013). KERS and KRS state that the authority cited by SCS does not support the proposition that they consented to be sued in federal court. The Court need not decide this issue because KERS and KRS waived any defense based on sovereign immunity.

KERS and KRS cite to *Central Virginia Community College v. Katz*, 546 U.S. 356 (2006) in support of the basic proposition that "the matters for which sovereign immunity are abrogated are set forth in 11 U.S.C. §106". Reply at p. 15. The *Central Virginia* case is also instructive on the nature of jurisdiction in Bankruptcy Court. The Court stated:

> Bankruptcy jurisdiction, as understood today and at the time of the framing, is principally *in rem* jurisdiction. (Citations omitted). In bankruptcy, "the court's jurisdiction is premised on the debtor and his estate, and not on the creditors." (Citations omitted). As such, its exercise does not, in the usual case, interfere with state sovereignty even when States' interests are affected.

*Id.* at 369-70. This adversary proceeding is ancillary to the main case. The relief sought is declaratory only and does not attack the sovereignty of the Commonwealth. This case and Adversary Proceeding 13-3019 are inextricably connected to the main case and the Debtor's efforts to cease participating in KERS and conversely, KERS efforts to compel Debtor to continue making

payment into the Kentucky Retirement System. All involve administration of the Debtor's estate and are matters well within this Court's jurisdiction.

KERS and KRS cannot rely on a defense of sovereign immunity where its active participation throughout this bankruptcy case and the companion adversary proceedings resulted in a waiver of such a defense. *See*, *Lapides v. Board of Regents of University System of Georgia*, 535 U.S. 613 (2002). This adversary proceeding arises out of the Chapter 11 bankruptcy case of SCS, Case No. 13-31442. KERS and KRS have been extremely active in that case contesting various matters. Defendants' state that they "objected to various forms of relief sought by the debtor that affected their interests, such as the use of cash collateral which did not provide for payment of obligations to KERS, employment of a professional who would pursue public relations and lobbying related to KERS, and 'rejection' by the Debtor of its relationship with KERS, and KERS has challenged whether or not Seven Counties is authorized to seek relief under Chapter 11." Reply at p. 18. KERS and KRS have not asked this Court to abstain from these matters in order to seek relief in state court. Instead, they chose to litigate these matters before this Court. In fact, what they characterize as "responses" or "objections" to Debtor's requests for relief, are nothing more than what any creditor attempts to do in a Chapter 11 case; that is to assert their position with regard to administration of and distribution rights from the estate's assets. The Debtor's employment of professionals and its negotiations with its secured creditor regarding cash collateral did not represent a threat to funds held and administered by KERS or KRS. Yet, Defendants filed objections in both matters in an effort to secure their right to participate in the administration and distribution of estate assets.

In the main case, on the same date that Debtor initiated this adversary proceeding, KERS and KRS filed an Emergency Motion to Compel the Debtor to Comply with its Statutory Obligations to Make Ongoing Statutorily Required Payments of Employer and Employee Contributions seeking an Order compelling SCS to make continued contributions to the Plan until the matter is resolved at trial. *See* Dkt. #75. Following a hearing, the Court denied that motion without prejudice and ordered KERS and KRS to pursue such affirmative relief, if it so chose, by way of an adversary proceeding. This ruling was based on the Court's recognition that other related claims were to be brought by adversary proceeding. Both KERS and SCS informed the Court that extensive discovery was necessary to prepare the case for trial on the merits. The directive to proceed in this manner was meant to streamline the litigation and promote uniformity and prevent duplication of discovery between the cases. At no point did KERS or KRS object to proceeding in this manner.

KERS and KRS opted to proceed by filing its Complaint in Adversary Proceeding No. 13-03019 seeking a preliminary injunction requiring SCS to continue making contributions to KERS. The Complaint also included KERS and KRS' claims encompassed in their Motion to Dismiss the Debtor's Chapter 11 case and a request for a declaratory judgment stating that SCS is a governmental unit. These actions, along with KERS and KRS' active participation in nearly every phase of the main case establish that KERS and KRS voluntarily invoked the jurisdiction of this Court. Accordingly, any claim to sovereign immunity has been waived by its active participation in this bankruptcy.[2]

---

[2] KERS and KRS repeatedly asserted in their filings before this Court that they were not waiving sovereign immunity. By failing to request that this Court abstain or to transfer this matter to another Court, while continuing their active participation in the bankruptcy, any claim to sovereign immunity became meaningless and its actions resulted in waiver.

KERS and KRS contend that their actions resulted solely as a response to the actions of the Debtor requesting relief and that neither Defendant has filed a proof of claim.  While Defendants may not have filed a formal proof of claim, there is little doubt that the Motion to Compel Payments filed in the main case, which is now encompassed in Adversary Proceeding No. 13-03019, meets the requirements of an informal proof of claim.  *See*, *In re M.J. Waterman & Assoc., Inc.*, 227 F.3d 604, 610 (6th Cir. 2000), citing with approval the 4 part test of *In re Vaughn Chevrolet, Inc.,* 160 B.R. 316, 319 (Bankr. E.D. Tenn. 1993).  The document is in writing, was filed with the court, contains a demand on the Debtor's estate and expresses an intent to hold the Debtor liable for the debt.  Indeed, the main purpose of the Motion to Compel Payments was to acquire an Order compelling Debtor to pay its employer and employee obligations into KERS each month until this Court ruled on the merits of the case-sums approaching one million dollars per month, all of which constitutes estate property.  This  establishes that KERS and KRS have made a request for the payment of estate property.  KERS and KRS cannot avoid the application of the waiver provisions contained in 11 U.S.C. §106 by claiming they have not filed a formal proof of claim when they are seeking this Order compelling disputed payments from the bankruptcy estate.

KERS and KRS cite a number of cases in support of its claim that it did not waive sovereign immunity.  The cases are factually distinguishable from the actions taken by KERS and KRS herein.  For instance, in *PHP NJ MSO, Inc.,* 1999 WL 360199 (D. Del. May 7, 1999), the debtor's lender sought to surcharge under 11 U.S.C. §543, property held by the New Jersey Commissioner of Banking and Insurance, which had placed the debtor into rehabilitation before the petition was filed.  At the outset of the case, the Commissioner filed a motion to transfer venue, a motion requesting the bankruptcy court to abstain, and a motion for relief from the automatic stay.  Here, KERS and KRS

did not seek relief similar to that sought by the Commissioner in *PHP,* such as a request to abstain from ruling on matters affecting them, and they actively sought rulings from this Court concerning the administration of estate property.  KERS and KRS' actions herein are entirely distinguishable from those of the Commissioner in *PHP* which were held not to constitute a waiver of sovereign immunity.

Debtor's requests for declaratory relief in Counts I and II are logically related to and inextricably connected to KERS and KRS' efforts to compel Debtor to continue participating in KERS.  The law and facts on each claim are dependent on each other.  KERS and KRS  waived the defense of sovereign immunity by its active participation in this bankruptcy case. The Court cannot grant the Defendants' Motion to Dismiss based on sovereign immunity.

## CONCLUSION

For all the above reasons, the Motion to Dismiss for Lack of Jurisdiction, Lack of Standing and Failure to State a Claim for Relief of Defendants Kentucky Employees Retirement System and Board of Trustees of the Kentucky Retirement Systems is **DENIED**.  An Order incorporating the findings herein accompanies this Memorandum Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  November 8, 2013

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SEVEN COUNTIES SERVICES, INC. | ) | CASE NO. 13-31442(1)(11) |
| | ) | |
| Debtor | ) | |
| | ) | |
| SEVEN COUNTIES SERVICES, INC. | ) | AP No. 13-3014 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KENTUCKY EMPLOYEES RETIREMENT SYSTEM, *et al.* | ) | |
| | ) | |
| Defendants | ) | |

# ORDER

Pursuant to the Memorandum Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Dismiss for Lack of Jurisdiction, Lack of Standing and Failure to State a Claim for Relief of Defendants Kentucky Employees Retirement System and the Board of Trustees of Kentucky Retirement Systems, be and hereby is, **DENIED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: November 8, 2013